UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALANA DUNN,<br><br>        Plaintiff,<br><br>    v.<br><br>IRS, et al.,<br><br>        Defendants. | Case No. 1:25-cv-00963-EPG (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN A DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S APPLICATIONS TO PROCEED *IN FORMA PAUPERIS* BE DENIED<br><br>(ECF Nos. 2, 4)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY (30) DAYS |

## I.     BACKGROUND

Plaintiff Alana Dunn filed this civil case against the IRS and other Defendants on August 5, 2025. (ECF No. 1).

Because Plaintiff's initial *in forma pauperis* (IFP) application, submitted on the Court's "short form," was inconsistent with information presented in one of Plaintiff's other recent cases, or otherwise unclear, the Court ordered Plaintiff to file a "long form" IFP application, which she did on August 14, 2025 (ECF Nos. 3, 4).

As explained below, the Court will recommend that Plaintiff's IFP applications be denied and that Plaintiff be ordered to pay the filing fee to proceed with this action.

## II.    LEGAL STANDARDS

Under 28 U.S.C. § 1915(a)(1), a *pro se* plaintiff may proceed without prepayment of fees

1

by submitting "an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." *See Flores v. California Corr. Women's Facility*, No. 1:19-cv-1509-NONE-JLT, 2020 WL 8821643, at *1 (E.D. Cal. June 24, 2020) (noting that § 1915(a)(1) applies to non-prisoner plaintiffs). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). And "when a claim of poverty is made . . . it is proper and indeed essential for the supporting affidavits to state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted).

"[T]here is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo*, 787 F.3d at 1235. However, in assessing whether a certain income level meets the standard to grant IFP status, courts look to the federal poverty guidelines developed each year by the Department of Health and Human Services. *See, e.g., Boulas v. U.S. Postal Serv.*, No. 1:18-cv-01163-LJOBAM, 2018 WL 6615075, at *1 n.1 (E.D. Cal. Nov. 1, 2018) (applying federal poverty guidelines to deny IFP application).

Lastly, under § 1915(e)(2)(A), a "court shall dismiss" a case if it determines that "the allegation of poverty is untrue."

### III. ORDERS DENYING IFP IN OTHER CASES

Notably, Plaintiff was recently denied IFP status in two other cases in this District based on information signed under penalty of perjury. *Dunn, et al., v. Bristol West, et al.*, 1:25-cv-00563-KES-SAB (ECF Nos. 8, 13); *Dunn v. Unified District School Clovis, et al.*, 1:25-cv-00962-JLT-BAM (ECF Nos, 3, 5).

In the first case, 1:25-cv-00563, Plaintiff was found to be able to afford the filing fee because her long form application showed that her average monthly income was $8,580 or $102,960 per year, with this yearly income being "nearly three times the poverty guideline for a five person household ($37,650)." (ECF No. 8, p. 3). And while her "claimed expenses per month exceed[ed] her claimed monthly income," the information provided showed that Plaintiff could "pay the filing fee with acceptable sacrifice to other expenses," such as her "monthly recreational

expenses exceeding $500." (*Id.* at 4).

In the second case, 1:25-cv-00962, Plaintiff was found to be able to afford the filing fee because her long form application showed that her average monthly income was $7,607.90 or $91,294.80 per year, with this yearly income being "almost two and a half times the poverty guideline for a five-person household ($37,650.00)." (ECF No. 3, p. 3). And while Plaintiff reported significant monthly expenses, it did "not appear that Plaintiff would be rendered destitute by paying the filing fee of $405." (*Id.*).

### IV.   ANALYSIS

The Court recommends that Plaintiff's IFP application be denied because information disclosed on her long form application shows that she can afford to pay the filing fee.

In fact, Plaintiff's long form application in this case discloses even more income than in the two cases where Plaintiff's requests to proceed in forma pauperis were denied. Specifically, she reports monthly employment income of $7,058 + $2,812 for disability benefits (from four children) for a total of $9,870 per month or $118,440 per year.[1] (ECF No. 4, pp. 1-2; *see* ECF No. 2, p. 1). Plaintiff reports monthly expenses of $8,103.93.[2] Thus, Plaintiff earns $1,766.07 more monthly than her average expenses. Notably, Plaintiff's $118,440 yearly income is about 3 times higher than the poverty guideline for a five-person household ($37,650.00). 2025 Poverty Guidelines, https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines (last visited August 18, 2025).

Because Plaintiff's disclosures reveal that she can pay the $405 filing fee and still afford the necessities of life, the Court will recommend that her IFP applications be denied.

### V.   CONCLUSION AND RECOMMENDATIONS

Accordingly, IT IS ORDERED that the Clerk of Court is respectfully directed to assign a District Judge to this case.

---

[1] There are inconsistencies and uncertainties among the various IFP applications that Plaintiff has filed in this District. For example, she is now reporting a monthly income of $2,812 for disability benefits, while in 1:25-cv-563 she reported the much higher amount of $3,980 per month. Additionally, Plaintiff now reports owing $50,000 on her vehicle. But in June 2025 in 1:25-cv-563, she reported owing $42,500..

[2] This amount is calculated as follows: $2510 (rent or mortgage payment) + $1045 (utilities) + $300 (home maintenance) + $1,300 (food) + $200 (clothing) + $100 (laundry) + $50 (medical) + $450 (transportation) + $100 (recreation) + $78 (car insurance) + $229 (two credit accounts) + $626.93 (furniture) + $1,115 (vehicle payments that Plaintiff lists on the form (albeit not in the expenses section)) = $8,103.93.

And for the reasons given above, IT IS RECOMMENDED as follows:

1. Plaintiff's IFP applications be denied. (ECF Nos. 2, 4).
2. Plaintiff be ordered to pay the $405 filing fee for this action.
3. Plaintiff be advised that failure to timely pay the filing fee will result in the dismissal of this action.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any objections shall be limited to no more than fifteen (15) pages, including exhibits. Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __August 18, 2025__        /s/ Erica P. Grosjean
                                  UNITED STATES MAGISTRATE JUDGE