UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALANA DUNN, | Case No.: 1:25-cv-0963 JLT EPG |
| Plaintiff, | ORDER CONSTRUING PLAINTIFF'S OBJECTIONS A REQUEST FOR RECONSIDERATION |
| v. | |
| IRS, et al., | (Doc. 9) |
| Defendants. | ORDER DENYING RECONSIDERATION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(b) |

Alana Dunn seeks to proceed *in forma pauperis* in this action, which she initiated by filing a complaint on August 5, 2025. (Docs. 1, 2.) The Court found the information provided in the initial application was inconsistent with Plaintiff's application filed in another case pending before the Court, *Dunn, et al., v. Bristol West, et al.*, 1:25-cv-00563-KES-SAB. (Doc. 3 at 2.) Therefore, the Court ordered Plaintiff to complete the long-form application. (Doc. 3.) After Plaintiff completed the long form (Doc. 4), the magistrate judge found the "information disclosed on her long form application shows that she can afford to pay the filing fee." (Doc. 6 at 3.) The magistrate judge observed:

> Plaintiff's long form application in this case discloses even more income than in the two cases where Plaintiff's requests to proceed in forma pauperis were denied [*Dunn v. Bristol West, et al.*, Case No. 1:25-cv-00563-KES-SAB; *Dunn v. Unified District School Clovis*, Case No. 1:25-cv-00962-JLT-BAM]. Specifically, she reports monthly employment income of $7,058 + $2,812 for disability benefits (from four children) for a total of $9,870 per month or $118,440 per year.[] (ECF No. 4, pp. 1-2;

1

see ECF No.2, p. 1). Plaintiff reports monthly expenses of $8,103.93.[2] Thus, Plaintiff earns $1,766.07 more monthly than her average expenses.

(*Id.*, footnote omitted.) (*Id.*) Therefore, the magistrate judge found Plaintiff could "pay the $405 filing fee and still afford the necessities of life," and recommended the Court deny the request to proceed *in forma pauperis*. (*Id.*)

Plaintiff filed timely objections to the Findings and Recommendations. (Doc. 7.) Plaintiff provided information concerning her income since 2020. (*See id.* at 17.) However, Plaintiff did not acknowledge the SSI benefits she receives for her four children. Plaintiff did not dispute the finding of the magistrate judge related to her reported annual household income or otherwise demonstrate an inability to pay the Court's filing fee. (*See generally* Doc. 7.) Consequently, the Court found Plaintiff's objections did not show any error by the magistrate judge and adopted the Findings and Recommendations. (Doc. 8.) The Court ordered Plaintiff to pay the filing fee in full to proceed with this action. (*Id.* at 2.)

After the Court directed Plaintiff to pay the filing fee, Plaintiff filed objections to the order. (Doc. 9.) The Court reviewed the filing and construes it to be a motion for reconsideration. Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding." *Id.* Rule 60(b) indicates such relief may be granted "for the following reasons:"

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence…;
> (3) fraud (whether previously called intrinsic or extrinsic) misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F. 3d 877, 890 (9th Cir. 2000) (citation omitted); *see also Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (addressing reconsideration under Rule 60(b)). In seeking reconsideration under Rule 60, the

moving party "must demonstrate both injury and circumstances beyond his control." *Harvest*, 531 F.3d at 749 (internal quotation marks, citation omitted).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks, citations omitted) (emphasis in original). Further, Local Rule 230(j) requires a movant to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion;" and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

A majority of Plaintiff's "objections" appear to relate to the merits and legal argument related to her claims, rather than the denial of her application to proceed *in forma pauperis*. (*See* Doc. 9 at 1-16.) However, the Court has not yet screened the complaint. To the extent Plaintiff argues the merits, the objections are disregarded.

Plaintiff also briefly provides information regarding the household income. (Doc. 9 at 16-18.) She reiterates that she filed for a fee waiver in this action, and that she has children who "are permanently disabled." (*Id.* at 16.) She now reports that she gets $5,272 per month with "the children['s] SSI income." (*Id.* at 18.) However, Plaintiff does not acknowledge her own monthly income, which also is considered to determine whether Plaintiff is able to pay the filing fee. (*See* Doc. 4 at 1 [identifying her average monthly income as $7,058.00].) Plaintiff's fails to show her reported household income is insufficient for her to pay the filing fee and still afford necessities for herself and her dependents. *See Martinez v. Kristi Kleaners, Inc*., 364 F.3d 1305, 1307 (11th Cir. 2004) (a litigant shows indigency when "unable to pay for the court fees and costs, and to provide necessities for himself and his dependents").

Ultimately, Plaintiff fails to invoke any basis under Rule 60(b) for reconsideration of the Court's order denying her application to proceed *in forma pauperis*. Plaintiff also does not identify any

new evidence or a change in controlling law to support reconsideration of the Court's order. Rather, Plaintiff's arguments appear to be based on her general disagreement with the ruling, which is insufficient to support a request for reconsideration. *See United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) ("A party seeking reconsideration must show more than a disagreement with the Court's decision").

Based upon the foregoing, the Court **ORDERS**:

1. Plaintiff's objections (Doc. 9) are construed as a motion for reconsideration.
2. The motion for reconsideration is **DENIED**.
3. Plaintiff **SHALL** pay the filing fee no later than September 25, 2025.

**Failure to pay the filing fee as ordered will result in dismissal of this action without prejudice. Further motions will not be entertained in this matter pending payment of the filing fee.**

IT IS SO ORDERED.

Dated:   **September 12, 2025**                             _____
                                                                                    UNITED STATES DISTRICT JUDGE